ATTORNEY GENERAL LOVING HAS DIRECTED ME TO RESPOND TO YOUR REQUEST FOR AN OFFICIAL OPINION FROM THIS OFFICE ASKING, IN EFFECT, WHETHER IT WOULD BE A VIOLATION OF OKLAHOMA LAW FOR A FULL-TIME STATE EMPLOYEE TO CONTRACT WITH ANOTHER STATE AGENCY FOR PART-TIME WORK. YOU HAVE ALSO ASKED WHETHER OUR ANSWER WOULD CHANGE IF THE PERSON AS COMPLETING THE PART-TIME WORK WHILE ON ANNUAL LEAVE, OR LEAVE WITHOUT PAY FROM HIS FULL-TIME EMPLOYMENT WITH THE APPROVAL OF HIS FULL TIME EMPLOYER.
BECAUSE YOUR QUESTION MAY BE ANSWERED BY REFERENCE TO CLEARLY CONTROLLING STATUTES, CASE LAW AND PREVIOUS ATTORNEY GENERAL OPINIONS, THE ISSUANCE OF AN OFFICIAL OPINION OF THE ATTORNEY GENERAL IS NEITHER DESIRABLE NOR NECESSARY. FURTHERMORE, YOUR ISSUES INVOLVE DETAILED FACTUAL QUESTIONS AND IT HAS BEEN THE LONG STANDING POLICY OF THIS OFFICE THAT WE ARE UNABLE TO ANSWER DIRECTLY FACTUAL QUESTIONS.
HO EVER, I AM ABLE TO SET FORTH PARAMETERS AND APPLICABLE LAW FOR YOU TO CONSIDER WITH REGARD TO THESE QUESTIONS. I HAVE ALSO ATTACHED FOR YOUR CONVENIENCE THE ATTORNEY GENERAL OPINIONS WHICH I HAVE REFERENCED WITHIN THIS LETTER. THE DISCUSSION WHICH FOLLOWS IS THEREFORE, THE ANALYSIS AND CONCLUSIONS OF THE UNDERSIGNED ASSISTANT ATTORNEY GENERAL.
ATTORNEY GENERAL OPINION NO. 88-23 ADDRESSES SITUATION SIMILAR TO THE SITUATION WHICH YOU PRESENTED IN THE FIRST PARAGRAPH OF YOUR REQUEST. OPINION NO. 88-023 ASKED WHETHER IT WAS A VIOLATION OF 74 O.S. 4241, FOR A FULL-TIME EMPLOYEE OF STATE AGENCY TO ACCEPT COMPENSATION FROM ANOTHER STATE AGENCY FOR PART-TIME WORK IF THE SECONDARY EMPLOYMENT DOE NOT INTERFERE WITH THE FULLTIME POSITION. TITLE 74 O.S. 4241, PERTINENT PART, STATES THAT NO EMPLOYEE SHALL ACCEPT OR SOLICIT OTHER EMPLOYMENT WHICH WOULD IMPAIR HIS INDEPENDENCE OF JUDGMENT IN THE PERFORMANCE OF HIS PUBLIC DUTIES. BASED ON THIS STATUTE, THE OPINION CONCLUDED THAT A FULL-TIME EMPLOYEE OF A STATE AGENCY MAY ACCEPT COMPENSATED PART-TIME EMPLOYMENT WITH ANOTHER STATE AGENCY IF THE SECONDARY EMPLOYMENT DOES NOT IMPAIR THE EMPLOYEES INDEPENDENCE OF JUDGMENT AND PERFORMANCE OF PUBLIC DUTIES. (DUAL COMPENSATION)
I WOULD ALSO DIRECT YOUR ATTENTION TO ATTORNEY GENERAL OPINION NO. 78-149, WHEREIN IT DETERMINED THAT NO CONFLICT OF INTEREST WAS PRESENT WHEN AN ACCOUNTANT FOR STATE AGENCY WORKED AS AN INSTRUCTOR OF BASIC ACCOUNTING AFTER HIS NORMAL WORKING HOURS PROVIDED, THE PART-TIME EMPLOYMENT NEITHER DECREASED THE EMPLOYEE'S EFFICIENCY NOR IMPAIRED HIS JUDGMENT AS A FULL-TIME EMPLOYEE.
THE CONCLUSION OF OPINION NO. 88-023 AND OPINION NO. 78-149, ARE EQUALLY APPLICABLE TO THE QUESTION WHICH YOU PRESENTED. THERE WOULD BE NO VIOLATION OF TITLE 74 O.S. 4241 (1988), IF THERE WAS NO CONFLICT BETWEEN THE TWO POSITIONS THAT WOULD IMPAIR THE EMPLOYEE'S INDEPENDENCE OF JUDGMENT IN THE FULL-TIME EMPLOYMENT.
THE SECOND PART OF YOUR REQUESTS ASKS WHETHER IT WOULD BE A CONFLICT IF THE EMPLOYEE TOOK LEAVE TIME FROM THE FULL-TIME EMPLOYMENT TO WORK FOR THE PART-TIME EMPLOYER. ATTORNEY GENERAL OPINION NO. 75-146, DETERMINED THAT IT WOULD BE A VIOLATION OF THE OKLAHOMA CODE OF ETHICS AND POSSIBLY, THE OKLAHOMA BUDGET LAW AND THE OKLAHOMA CRIMINAL CODE, FOR A PERSON WHO IS A FULL-TIME EMPLOYEE IF ONE STATE AGENCY TO ACCEPT PART-TIME EMPLOYMENT FROM ANOTHER STATE AGENCY WHEN THE HOURS OF WORK FOR BOTH JOBS ARE CONTEMPORANEOUS AND THE PERSON RECEIVES COMPENSATION FROM BOTH AGENCIES.
HOWEVER, IN THE FACT SITUATION WHICH YOU PRESENTED, THE EMPLOYEE HAS ACCUMULATED LEAVE TIME OR COMPENSATORY TIME AND HAS THEREFORE, WORKED HIS REQUIRED HOURS AT HIS FULL-TIME EMPLOYMENT AND EARNED THIS PERSONAL TIME. THEREFORE, IF THE EMPLOYEE HAS WORKED HIS REQUIRED HOURS AT HIS FULL-TIME JOB THEN THE CONCERNS EXPRESSED IN OPINION 75-146, WOULD NOT BE PRESENT. HOWEVER, IF NO LEAVE OR COMPENSATORY TIME IS TAKEN BY THE EMPLOYEE TO COMPLETE HIS PARTTIME EMPLOYMENT THEN THE CONCLUSION REACHED IN OPINION 75-146 MAY BE APPLICABLE TO THE FACT SITUATION WHICH YOU PRESENTED.
(DIANE L. SLAYTON)